I respectfully dissent from the majority's opinion. I believe that the record shows that the issue of a family allowance was presented to the trial court and that the evidence supports the trial court's denial of a family allowance to Mittie Marie Posey, the widow. I also dissent as to the denial of the appellees' motion to strike the trial court's amended order; the motion to strike should have been granted, because the trial court had no jurisdiction to amend its order more than 90 days after the post-judgment motion was filed.
 FAMILY ALLOWANCE
The opinion of the majority states that the trial court did not consider Mittie Marie Posey's request for a family allowance and, therefore, that the judgment of the trial *Page 1043 
court is not final. This holding ignores the indications in the record that Mittie Marie asked for the family allowance, that evidence was presented both for and against her receiving a family allowance, and that the trial court specifically stated in its order, "All claims not herein adjudicated are denied." The majority also fails to consider that Mittie Marie stated in her motion for a new trial, "The Court erred in not awarding to Plaintiff her family allowance as the widow of Troy Posey," and, further, that this motion was denied by operation of law on June 10, 1992.
The law is settled that, in the absence of an order severing a claim or ordering a separate trial, "[a] judgment will bedeemed a final judgment on all issues pleaded and any claimswhich are not specifically disposed of in the judgment will bedeemed to have been rejected or denied." Poston v. Gaddis,372 So.2d 1099, 1101 (Ala. 1979) (emphasis added). In Poston, the basis for finding the order nonfinal was stronger than that in the present case. Gaddis sued Poston, alleging breach of a construction contract; Poston counterclaimed, alleging that Gaddis had not paid him all that he was owed on the contract. The jury returned a judgment in favor of Gaddis on the breach of contract claim. Although Poston argued that he had voluntarily dismissed the counterclaim, no order dismissing the counterclaim was entered in the record. Unlike this case, inPoston no evidence was admitted on the counterclaim; also, the jury was not instructed on the counterclaim. One of the issues on appeal in Poston was whether the order of the trial court was a final judgment for purposes of appeal when the record did not contain an order dismissing the counterclaim or a Rule 54(b), A.R.Civ.P., certificate. Despite the failure to specifically address the counterclaim, and even lacking any evidence and/or instructions to the jury on the counterclaim, this Court held that the order awarding money damages to Gaddis was a final judgment on all claims; Poston's counterclaim was deemed to have been denied and/or rejected.
In the present case, evidence was presented both for and against a family allowance for Mittie Marie. The trial court specifically stated that the order of February 14, 1992, disposed of all claims, stating that those claims not specifically adjudicated were denied. After the entry of this order, Mittie Marie filed a motion for new trial, asking the trial court to make a family allowance award. On June 10, 1992, this motion for new trial was denied by operation of law.
The record supports the trial court's decision not to award a family allowance to Mittie Marie. That decision is supported by evidence showing that months before her husband died Mittie Marie had moved out of the home she had shared with him and that he was not supporting her at the time of his death. Section 43-8-112, Ala. Code 1975, provides for a family allowance to be paid to "the surviving spouse and minor children whom the decedent was obligated to support and the children who were in fact being supported by him." Section43-8-112 also states that the amount of the family allowance award is to be set at "a reasonable allowance . . . for [the surviving widow's and children's] maintenance during the period of administration." Also, a surviving spouse may not be entitled to a family allowance when she was not living with the decedent at the time of his death and when she had voluntarily abandoned, deserted, or separated from him. See 34 C.J.S.Executors and Administrators § 344(b) (1942). Therefore, the trial court's denial of a family allowance to Mittie Marie is supported by the record.
 MOTION TO STRIKE AMENDED ORDER
The appellees have filed a motion to strike the amended order of June 15, which disallowed funeral expenses that had been awarded to Ronald Keith Posey, in the amount of $3,602. The trial court had allowed these expenses in its order of February 14, 1992. The appellees contend, and I agree, that this amendment was untimely and that the trial court was without jurisdiction to amend its order more than 90 days after the post-judgment motion was filed. *Page 1044 
Mittie Marie filed a post-judgment motion on March 12, 1992; therefore, the motion was denied by operation of law on June 10, 1992. Rule 59.1, Ala.R.Civ.P. The trial court purported to amend its order on June 15, 1992. The record contains no written agreement to extend the 90-day period; see Rule 59.1; therefore, the trial court acted outside its jurisdiction in amending the order after June 10, 1992.[3]
For the reasons stated above, I respectfully dissent from the majority's opinion overruling the motion to strike and dismissing this appeal as being from a nonfinal judgment.
ALMON, J., concurs.
[3] I note for the benefit of the parties that the amended order was supported by the record, which showed that the funeral expenses had been paid by burial insurance and not by Ronald Keith. The error in the February 14 order was not raised on appeal, apparently because Mittie Marie assumed that the trial court's amended order was valid.